## In re CALVADA, Inc.

### No. 49361.

United States District Court,
E. D. New York.

Feb. 11, 1952.

Louis P. Rosenberg and Maurice Edelbaum, Brooklyn, N. Y., for debtor (Louis P. Rosenberg, Brooklyn, N. Y., of counsel).

McLaughlin, Stickles & Hayden, New York City, for petitioners Fidelity & Deposit Co. of Maryland and William L. Wallace (J. Francis Hayden, New York City, of counsel).

KENNEDY, District Judge.

This is a petition to review an order of an Official Referee in Bankruptcy directing production of a certain document in the course of an examination conducted by a debtor-in-possession under Section 21, sub. a, of the Bankruptcy Act, 11 U.S.C.A. § 44, sub. a. The petitioners are the Fidelity and Deposit Company of Maryland (herein referred to as Fidelity) and one of its attorneys, Mr. William L. Wallace. Some brief reference to the background is necessary.

The debtor was under contract with the United States of America (Corps of Engineers) to construct a Weather Station at Watertown, New York. Fidelity gave the required statutory bonds covering performance and payment for labor and material. On April 25, 1951, the debtor filed a petition under Chapter XI of the Bankruptcy Act for an arrangement. On May 3, 1951, it asked for the issuance of subpoenas directed to certain persons connected with the Corps of Engineers and to Fidelity and to Mr. Wallace. Motions were made to quash the subpoenas, which motions were denied by order dated July 19, 1951. Ultimately Mr. Wallace appeared and produced the document here in question; there was a ruling by the Referee directing that it be turned over for inspection to the debtor's attorneys. It is that order which is here under review.

The significance of the document and of the 21, sub. a, proceeding is not clear unless some further background is given. Many months before the petition, a conference concerning the debtor's difficulties was held on October 2, 1950, between Fidelity, represented by Mr. Wallace, and persons in the Corps of Engineers. The debtor's representatives were also present, and ultimately change orders (October 16, 1950, and October 20, 1950) were executed. Despite these the debtor's trouble continued and resulted in a default notice (January 19, 1951). Prior to the issuance of that notice there was another conference, in which Fidelity participated, and Fidelity apparently, in order to inform itself concerning the position to be taken, asked for and obtained a report on the debtor's affairs from engineers of its own choosing. It is this report (dated January 16, 1951) which the Official Referee has ordered to be shown to the debtor's attorney and to the production of which the petitioners object.

It is the claim of the debtor that the object of the 21, sub. a, proceeding is to establish a possible claim against the United States in connection with the declaration of a default and that, therefore, the inquiry and the report (which is specifically the subject of controversy) has relation to the "property" of the bankrupt.

Petitioners, attacking the order for the production of the document, hint that a debtor-in-possession is not entitled to avail himself at all of the remedies given by Section 21, sub a, of the Bankruptcy Act. I use the word "hint" advisedly because the brief submitted in connection with the motion clearly shows that the point is made only as subsidiary to an argument that the scope of 21 sub. a, examination, otherwise permissible, must in the case of a debtor-in-possession be limited to that which is so obviously relevant that there can be no debate about it. I think I need not express any opinion on the question whether Section 21, sub. a, is available generally to debtors-in-possession. Judge Swan does say, in re Wil-Low Cafeterias, Inc., 2 Cir., 1940, 111 F.2d 83, 84 that a debtor-in-possession is analogous to a trustee or receiver, which suggests that 21, sub. a, is available. However that may be, the order of July 19, 1951 is the law of this case and establishes the right of the debtor to continue the examination within proper bounds.

This brings me to the next question, namely, whether any different criteria are to be applied to the discovery procedure under Section 21, sub. a, generally, as compared with that same procedure when used by a debtor-in-possession. I think I would be doing a distinct disservice if I were to make any such ruling. I believe that the same criteria are to be applied, and I need only refer to, In re Insull Utility Investments, D.C.S.D.N.Y., 1934, 27 F.Supp. 887 to show that essentially 21, sub. a, proceedings are aimed at true discovery, that they are not to be treated like examination before trial in the state court, and that an order of an Official Referee, such as that one now before me, is not to be disturbed unless there is a clear abuse of discretion. In other words, if, before permitting discovery it is necessary to try out the merits of the supposed claim then the whole system will be frustrated. I can find no privilege which shields this document nor can I find any real reason why making it available to the debtor-in-possession will be a species of harassment.

The order is affirmed.